**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK GUILLORY,**

                                  **Plaintiff,**

    vs.                                                                  9:13-CV-01353
                                                                                       (MAD/RFT)

**M. OVERBAUGH,** *Lieutenant, Greene Correctional Facility;*
**ERIC GUTWEIN***, Hearing Officer, Greene Correctional Facility;*
**JOHN DOE***, Correction Officer, Greene Correctional Facility;*
**and CAPUTO***, Sgt.*,

                                  **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**PATRICK GUILLORY**
09-B-0714
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for the Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, an inmate currently in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. §

1983, alleging that Defendants violated his constitutional due process rights under the Fourteenth

Amendment, as well as conspiring to and ultimately beating Plaintiff in retaliation for filing

grievances and lawsuits. *See* Dkt. No. 32 at 1. In a Report-Recommendation and Order dated

August 7, 2014, Magistrate Judge Treece recommended that the Court grant in part and deny in

part Defendants' motion to dismiss. *See id.* at 2. Specifically Magistrate Judge Treece recommended that the Court grant Defendants' motion to dismiss with respect to Plaintiff's request for monetary relief against all Defendants' in their official capacities, as well as with respect to Plaintiff's claim that Defendants Overbaugh and Caputo verbally harassed or threatened him. *See id.* at 8. Magistrate Judge Treece recommended that the Court deny Defendant's motion to dismiss with respect to Plaintiff's conspiracy claim against Defendants' Overbaugh, Caputo and Doe. *See id.* at 10. Magistrate Judge Treece also recommended that the Court deny Defendants' motion to dismiss with respect to Plaintiff's due process claim against Defendant Gutwein for denying him the right to present witnesses at his Tier III disciplinary hearing. *See id.* at 15. Although Plaintiff submitted what has been filed as "objections" to the Report-Recommendation and Order, within the document Plaintiff states that he waives his right to objections. *See* Dkt. No. 35 at 4 ("I waive any objections to Judge Treece August 7, 2014 Report and Recommendation"). Defendants have not submitted any objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed Magistrate Judge Treece's August 7, 2014 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should grant in part and deny in

3

part Defendants' motion to dismiss, and order that Plaintiff take reasonable steps to identify the John Doe Defendant.[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's August 7, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's second amended complaint (Dkt. No. 13) is **GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that the following claims are **DISMISSED without leave to amend**: (1) all claims against Defendants Overbaugh, Gutwein, Doe and Caputo in their official capacities for monetary damages; and (2) all claims against Defendants Overbaugh and Caputo for their alleged use of threatening or harassing language; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** with respect to the following claims: (1) Plaintiff's conspiracy claim against Defendants Overbaugh, Caputo and Doe; and (2) Plaintiff's due process claim against Defendant Gutwein; and the Court further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 8, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] In his response to the Report-Recommendation and Order, Plaintiff indicates that the Report-Recommendation and Order was not mailed to him for several days after it was issued. *See* Dkt. No. 35 at 1-4. In the future, if Plaintiff believes he has not been provided sufficient time to respond to any pending motion or order, he need only ask for additional time.

4